This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jeffrey Ratkosky ("Ratkosky") appeals from his conviction in the Medina Court of Common Pleas. We affirm
 I.
On September 29, 1999, Ratkosky pleaded guilty to burglary, a violation of R.C. 2911.12(A)(2); carrying concealed weapons, a violation of R.C.2923.12; and resisting arrest, a violation of R.C. 2921.33(A). On October 29, 1999, the trial court sentenced Ratkosky to 5 years of community control sanctions for the burglary and carrying concealed weapons charges and 6 months in county jail for resisting arrest. Additionally, the trial court placed the following sanctions on Ratkosky: 80 hours community service, urinalysis, an anger management course, drug and alcohol assessment and completion of recommended treatment, letter of apology to the Brunswick Police Department, and no contact with the victim.
On September 14, 2000, Ratkosky admitted to two violations of probation: 1) an August 17, 2000 conviction by the Berea Municipal Court for disorderly conduct and 2) contact with the victim. The trial court found that Ratkosky was a probation violator[1] and sentenced him to concurrent sentences of: 7 years in prison for burglary, 18 months in prison for carrying a concealed weapon and 6 months in prison for resisting arrest.
This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT PROPERLY NOTIFYING THE APPELLANT OF THE POSSIBLE CONSEQUENCES OF A VIOLATION OF HIS COMMUNITY CONTROL CONDITIONS.
 In his first assignment of error, Ratkosky argues that the trial court failed to notify him of the possible consequences of violating his community control sanctions. We disagree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court by clear and convincing evidence acted contrary to law or the record. R.C. 2953.08(G)(1).[2] Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Pursuant to R.C. 2929.19(B)(5), when a trial court sentences a defendant to community control sanctions, the court is required to advise the defendant that if the conditions are violated, the court may impose a longer term under the same sanction, a more restrictive sanction, or a prison term. Further, the court is required to advise the defendant of the specific prison term that will be imposed for violation of community control sanctions. Id. This prison term must be within the range allowed in R.C. 2929.14. Id.
This court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4; see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
In the present case, the trial court's findings regarding the notification of possible sanctions for violating community control were in the journal entry. The trial court made the following findings:
 [v]iolation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to eight (8) years. Defendant is notified that if a prison term is imposed for violation of community control, the Parole Board may extend prison time up to the half of the stated prison term in 15, 30, 60, or 90 day increments for certain violations committed while in prison.
 We find that the trial court made the requisite findings in its October 29, 1999 journal entry. See Riggs, Summit App. No. 19846, unreported, at 4; see, also, Edmonson, 86 Ohio St.3d 324. Accordingly, Ratkosky's first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED [ITS] DISCRETION BY NOT IMPOSING THE MINIMUM PRISON SENTENCE UPON THE APPELLANT SINCE THIS WAS HIS FIRST FELONY; MADE NO FINDINGS TO SUPPORT OTHERWISE; AND MADE THE CONTRARY FINDINGS OF FACT AT THE ORIGINAL SENTENCING HEARING[.]
 In his second assignment of error, Ratkosky argues that the trial court abused its discretion by sentencing him to a greater than the minimum prison sentence for violating his community control sanctions. Ratkosky asserts that the trial court's findings at his second sentencing hearing are not supported by the record and contradict the findings the trial court made at his first sentencing hearing. Further, he argues that the trial court failed to make a record of its findings in compliance with R.C. 2929.14(B) and (C).
We begin with Ratkosky's argument regarding the requisite findings pursuant to R.C. 2929.14. If an offender violates his community control sanctions the controlling statute is R.C. 2929.15. Pursuant to R.C.2929.15(B), the trial court may impose a prison term if the sentence falls within the range of available sentences in R.C. 2929.14 and the sentence does not exceed the term specified in the notification that the defendant received at his original sentencing hearing. R.C. 2929.15(B) and 2929.14.
In the present case, the trial court made the requisite statutory findings at Ratkosky's original sentencing hearing. The trial court complied with R.C. 2929.15(B) and provided Ratkosky with notice of the sanctions that the court could impose for a violation of community control including the possibility of a specific prison term of up to 8 years. The record reflects that Ratkosky admitted to violating his community control sanctions and the trial court sentenced him to concurrent sentences of: 7 years in prison for burglary, 18 months in prison for carrying a concealed weapon and 6 months in prison for resisting arrest. The trial court complied with R.C. 2929.15 and therefore did not abuse its discretion.
Having found that the current statutory scheme does not require the trial court to make additional findings when sentencing a community control sanction violator, we find Ratkosky's argument regarding the inconsistencies between the trial court's findings at the original and second sentencing is without merit.
Accordingly, Ratkosky's second assignment of error is overruled.
 IV.
Having overruled both assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
SLABY, J., CARR, J. CONCURS.
[1] The record reflects that during Ratkosky's sentencing hearing he admitted to a driving under the influence conviction in violation of his community control sanctions.
[2] Effective October 10, 2000, this provision is found at R.C.2953.08(G)(2).